

1  W. GORDON KAUPP, State Bar #226141
2  DENNIS CUNNINGHAM, State Bar #112910
   Law Office of Dennis Cunningham
3  115 ½ Bartlett Street
   San Francisco, CA 94110
4  Tel:    (415) 285-8091
   Fax:    (415) 285-8092
5  gordonk@hotmail.com
   denniscunningham@juno.com
6

7  Attorneys for Plaintiffs

8                          E-Filing

9

10

11

12              **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14              **SAN FRANCISCO DIVISION**

15

16  Estate of CHERI LYN HOLT-MOORE,    Case No. **C 07 2792**
    DAVID MOORE, and MARIAH TAYLOR,
17  as Guardian of WILLOW DARION TOUS    **COMPLAINT FOR DAMAGES FOR**
                                          **VIOLATION OF CIVIL RIGHTS AND**
18          Plaintiffs,                   **OTHER WRONGS**

19          v.                            **JURY TRIAL DEMANDED**

20  CHIEF DAVID DOUGLAS, OFFICER
    ROCKY HARPHAM, SGT. MICHAEL
21  JOHNSON, OFFICER TIM JONES, LT.
    TONY ZANOTTI, LT. TODD WILCOX,
22  SGT. LYNNE SODERBERG, OFFICER
    MENGAL, DT. RON HARPHAM, OFFICER
23  TERENCE LILES, OFFICER RODRIGO
    SANCHEZ, THE EUREKA POLICE
24  DEPARTMENT, THE CITY OF EUREKA,
    AND VARIOUS DOE DEFENDANTS, 1-x
25  inclusive,

26

27          Defendants.

28  //

                                1

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca

1    COMES NOW, plaintiffs, DAVID MOORE, for himself and as Executor of the Estate of

2   Cheri Lyn Holt-Moore, which is in formation, and WILLOW DARION TOUS, who is a minor,

3   the granddaughter of Ms. Moore and the issue of Larry Moore, Cheri Lyn Holt-Moore's

4   deceased son, by and through her mother and next friend, Mariah Taylor who will seek

5   appointment as Guardian ad litem, who allege as follows:

6                              **I.    INTRODUCTION**

7   1.    Cheri Lyn Holt-Moore had plunged into a mental health crisis on the year anniversary

8   of her son's death. Aware of her mental state she called Humboldt County Mental Health

9   seeking help. Her call included requesting help in obtaining her previously prescribed

10  medication. Ms. Moore pleaded that they help get her medications and even implored them to

11  phone her doctor. After her phone call, the county mental health worker called the Eureka police

12  informing them of her mental health crisis.

13  2.    The police dispatched officers to the scene who became aware that she possessed a

14  "flare gun", a device used to send signals into the air. Ignoring rational procedures and readily

15  available alternatives, Chief Douglas ordered officers to ram down her front door. Several

16  officers broke into her apartment and shot her immediately, killing her.

17  3.    Plaintiffs seek compensatory and punitive damages against the above-named

18  defendants, and other DOE officials and policymakers yet to be identified, for violations of their

19  Federal and California civil rights. These violations arise out of the shooting death of Cheri Lyn

20  Holt-Moore on April 14, 2006 caused by these defendants, when they wrongfully and without a

21  warrant or any lawful justification, entered her apartment and shot her to death with multiple

22  rounds of ammunition.

23  **4.**    The Estate of Cheri Lyn Holt-Moore brings a claim for the violation of her constitutional

24  and civil rights, her pain and suffering prior to her death, loss of life and for other compensatory

25  and punitive damages through her Estate. Ms. Moore's son, David Moore, and Willow Darion

26  Tous, a minor, who is the granddaughter of Ms. Moore, and her deceased son's only issue, bring

27  wrongful death claims for loss of love, comfort, and companionship, for the mental distress over

28  the loss of her life, and for other compensatory as well as punitive damages.

LAW OFFICE OF **DENNIS CUNNINGHAM**
San Francisco, Ca

2

1

## II.   JURISDICTION AND VENUE

2  **5.**   Plaintiffs have suffered an injury that is traceable to the actions of the defendants, and

3  the action is a case or controversy over which this Court has jurisdiction under Article III of the

4  United States Constitution.

5  **6.**   This case is brought pursuant to 42 U.S.C. §1983 with pendent state law claims.

6  Jurisdiction is based upon 28 U.S.C. §1331 and §1343.  This court has pendent jurisdiction over

7  state law claims under 28 U.S.C. § 1367.

8  **7.**   Venue is proper in this Court under 28 U.S.C. §1391(b) because the defendants reside in

9  the Northern District of California, and the acts complained of occurred in this district.

10  **8.**   Plaintiffs filed a timely Cal. Gov't Code § 910 claim with the City of Eureka, which was

11  denied.  The City of Eureka notified the plaintiffs of their denial in a letter dated November 27,

12  2006 making this lawsuit timely and necessary.

13

## III.   PARTIES

14  **9.**   Cheri Lyn Holt-Moore, was, at all relevant times mentioned here, a resident of Eureka,

15  California.  She died as a result of the unlawful actions of the above-named defendants.  The

16  Estate of Cheri Lyn Holt-Moore, currently in formation, brings this action for violation of her

17  constitutional and civil rights seeking compensatory and punitive damages.  Plaintiffs David

18  Moore and Willow Darion Tous, bring this action for wrongful death and for violation of their

19  constitutionally protected liberty interests in their relationship with Ms. Moore seeking

20  compensatory and punitive damages.  Plaintiff David Moore is the natural born son of Cheri Lyn

21  Holt-Moore.  Mariah Taylor brings this claim on behalf of Willow Darion Tous, a minor, as her

22  mother and Guardian ad litem, who is the granddaughter of Cheri Lyn Holt-Moore and the only

23  surviving issue of Ms. Moore's deceased son.

24  **10.**   Plaintiffs are the surviving heirs of decedent Cheri Lyn Holt-Moore.  They bring their

25  state law claims for relief pursuant to California Code of Civil Procedure sections 377.10 and

26  377.11, and Probate Code sections 6401 and 6402.

27  **11.**   Defendant David Douglas was at all relevant times herein the Chief of Eureka Police

28  Department (E.P.D.), and he, along with other officials of Eureka, the E.P.D., and DOES,

3

LAW OFFICE OF DENNIS CUNNINGHAM San Francisco, Ca

1   possessed the power and the authority and were charged by law with the responsibility to enact

2   policies and to prescribe rules and practices concerning the operation of the E.P.D. and/or were

3   supervisors of the defendant-officers.

4   **12.**     Defendants, Lt. Tony Zanotti, Lt. Todd Wilcox, Sgt. Lynne Soderberg, Sgt. Michael

5   Johnson, Officer Rocky Harpham, Officer Tim Jones, Officer Mengal, Dt. Ron Harpham, Officer

6   Terrence Liles, Officer Rodrigo Sanchez, and DOES, are officers, sergeants, lieutenants, who

7   were at the time of committing the acts alleged hereinafter, duly authorized employees of the

8   defendant City, who were acting within the course and scope of their respective duties and with

9   the complete authority and ratification of the defendant City.  At all relevant times herein, these

10  defendants, and each of them, were acting under color of law and pursuant to the statutes,

11  ordinances, regulations, policies, customs, and practices of the state of California, the city of

12  Eureka, and the Eureka Police Department.

13  **13.**     Does 1 through x, inclusive, are EPD officers and supervisors, or other EPD officials or

14  policymakers, who were involved in causing the deprivations and injuries suffered by plaintiffs,

15  whose identities are unknown at the present time.  All references within to "defendants",

16  collectively, shall include these Doe defendants.  Plaintiff will move to substitute their true

17  names after they become known.

18  **14.**     Defendant, City of Eureka, is and was at all relevant times mentioned herein, a

19  municipality duly organized existing under the laws of the state of California.  The Eureka Police

20  Department is an official subdivision of defendant City, and all officers employed by said

21  department are employees of defendant City.  All of the acts complained of herein by plaintiffs

22  against defendants were done and performed by said defendants by and through its authorized

23  agents, servants and/or employees, and each of them, all of whom, at all relevant times herein,

24  were acting within the course, purpose and scope of the defendant agency.  Moreover,

25  defendants and its agents ratified all of the acts complained of herein.

26  **15.**     At all relevant times herein the defendants were employed by the Eureka Police

27  Department, were acting under the color of law and in the course and scope of their official

28  duties as police officers, and in such capacity, as agents of the City of Eureka.

LAW OFFICE OF **DENNIS CUNNINGHAM**
San Francisco, Ca

4

1   **16.**     Defendant Chief Douglas, was the actual commanding officer during this incident.  As

2   such, he was the commanding officer of the other named defendant officers, and was responsible

3   for their training, supervision, and conduct.  He was also responsible for ensuring that police

4   personnel obey the laws of the state of California and the federal laws of the United States.  At

5   all relevant times Chief Douglas was acting in his official capacity as head of the Eureka Police

6   Department.

7   **17.**     Chief Douglas was also responsible for the overall training and policy regarding police

8   officers' and the department's dealings with people who suffer from mental health disorders and

9   for making necessary changes to keep the Eureka Police Department up to date with accepted

10  norms of police responses to those who have mental health disorders, and for implementing such

11  a system, training and policies that reflect those norms.  Further, Chief Douglas knew or should

12  have known that Cheri Lyn Holt-Moore was suffering from a mental health disorder at the time

13  of the incident.

14  **18.**     Lastly, Chief Douglas, and the officers and agents operating under his command,

15  needlessly caused Ms. Moore to become even more emotionally upset and ignoring accepted

16  mental health practices and reason escalated the circumstances which to the shooting and death

17  complained of here.  Cheri Lyn Holt-Moore died as a direct and proximate result of the actions

18  of these defendants.

19      **IV.     FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

20  **19.**     On April 14, 2006, Ms. Moore was grieving over the loss of her son who died a year

21  earlier; she was experiencing a mental health crisis.  Ms. Moore called Humboldt County Mental

22  Health seeking help, in particular with obtaining her previously prescribed medication.  After her

23  call with the county mental health worker ended that individual called the Eureka Police

24  Department and notified them of the situation.

25  **20.**     Police officers arrived outside of Ms. Moore's residence, which aggravated her

26  emotional and mental state.  Ms. Moore expressed a strong desire to have the police leave and

27  continued to express  her need for the medication.  Chief David Douglas dispatched a SWAT

28  team to her residence.

LAW OFFICE OF **DENNIS CUNNINGHAM**
San Francisco, Ca

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND OTHER WRONGS

1   **21.**   Chief Douglas, the police officers at the scene, and the Chief of the Eureka Fire

2   Department all knew that Ms. Moore had a "flare gun". They knew that Ms. Moore had called

3   county mental health for help, that she was suffering from a severe mental health crisis, and that

4   she needed her prescribed medication.   At the time she presented no real threat to the police

5   officers, herself, or others. They also knew, or should have known, that the situation could be

6   handled by negotiation and certainly by providing the medication.

7   **22.**   A trained police negotiator contacted Ms. Moore by phone. After a brief discussion, Ms.

8   Moore hung up. The negotiators, based on their training and experience, informed Chief

9   Douglas that Ms. Moore had hung up on them and that a fifteen minute break was needed. Chief

10   Douglas told them they could only have five minutes. Chief Douglas refused to have the police

11   move out of sight, refused to allow a friend of Ms. Moore attempt "to talk her down", refused to

12   allow county mental health workers to speak with Ms. Moore, and even refused his own police

13   negotiators adequate time to speak with Ms. Moore when no real threat to herself or others

14   existed.

15   **23.**   Before five minutes had passed, let alone the fifteen minutes the trained negotiators said

16   was needed, and with no further communication from Ms. Moore or any additional threat by her

17   or other danger presented to officers or others, Chief Douglas ordered his officers to break into

18   her apartment. Rocky Harpham was armed with a shotgun, Michael Johnson with an AR-15

19   assault rifle, and Tim Jones with a less-lethal pellet air gun containing a "flash-bang" device.

20   The three officers broke down her front door, entered the apartment and immediately shot her

21   dead.

22   **24.**   Chief Douglas worsened an already bad situation, pretended there was a grave threat

23   when none existed, and needlessly caused the death of a woman who stricken by a mental health

24   crisis reached out to the appropriate government agency in order to get help and medication.

25   **25.**   As a proximate result of the foregoing, decedent suffered intense physical and emotional

26   pain, anguish, distress and despair before her death, loss of life and was deprived of her rights

27   under the Fourth and Fourteenth Amendments to the United States Constitution.

28   //

LAW OFFICE OF **DENNIS CUNNINGHAM**
San Francisco, Ca

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND OTHER WRONGS

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca

## V.   CAUSES OF ACTION

#### ONE: Unreasonable Seizure and Deprivation of Life
#### Violations of the Fourth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983;
#### Art. I §13 of the California Constitution
#### Cal. Gov't Code §§815.2 and 815.6;
#### Against all Defendants

**26.**    Based on the conduct alleged above, Defendants, and each of them, are liable for the death of Ms. Moore to the plaintiffs, as heirs and successors in interest of the decedent, by violating Ms. Moore's right against unreasonable seizure under the Fourth Amendment to the United States Constitution, and Article I § 13 of the California Constitution. The defendants violated her Fourth Amendment rights by entering her residence without a warrant or lawful justification, by intentionally or recklessly provoking a situation which led to the shooting, and for the use of wrongful force in shooting her with a shotgun and assault rifle, as opposed to the less-lethal weapon. Ms. Moore was killed in her own home without justification by Eureka police officers, when she posed no real threat, at the order and direction of Chief Douglas while other reasonable less intrusive alternatives were available. Ms. Moore was deprived of her life and denied equal protection, privileges and immunities. As a direct and proximate cause of the aforementioned acts and omissions of the defendants, Ms. Moore was killed, as described above.

#### TWO: Municipal Liability
#### Violation of Constitutional Rights due to a Policy or Practice
#### Pursuant to *Monell* and 42 U.S.C. §1983
#### Against Eureka Police Department, Chief Douglas, and various DOE policymakers

27.    Based on the conduct alleged above, defendants Chief Douglas, the Eureka Police Department, and other DOE officials and policymakers, and each of them are liable to the plaintiffs because they maintained a policy, procedure, custom and practice of ignoring the mental health needs of its residents who come in contact with the police, and/or for failing to institute commonly accepted practices for handling mental health crises, which was the moving force of the constitutional violation here. These defendants are further liable under *Monell* for maintaining a practice or custom of indulging the use of gratuitous use of force and violence by police officers. As a direct and proximate cause of the aforementioned acts and omissions of the

7

1  defendants, Ms. Moore was killed without justification, as described above.

2  <div align="center">**THREE: Wrongful Death**</div>
3  <div align="center">**California Code of Civil Procedure §377.60 and Gov't Code §§ 815.2, 815.6**
<div align="center">**Against all Defendants**</div>

4  28.      Based on the conduct alleged above, defendants, and each of them, are liable to the

5  Plaintiffs for causing the wrongful death of Ms. Moore by shooting and killing her at her own

6  residence without justification.  As a direct and proximate cause of the aforementioned acts and

7  omissions of the defendants, they are liable to the plaintiffs.

8  29.      The complained of acts give rise to a cause action separate from Gov't Code § 815.2

9  therefore the defendant entities city of Eureka and the Eureka Police Department are also liable

10 to plaintiffs.  Eureka and the E.P.D. are further liable to plaintiffs because it was under a

11 mandatory statutory duty to protect against the risk of the type of injury suffered by plaintiff.

12 Defendant entity was therefore the proximate cause of plaintiffs' injuries by failing to properly

13 discharge its duty to reasonably screen, train, and supervise its employees with reasonable

14 diligence and care to prevent violating the rights of people.

15 <div align="center">**FOUR: Violation of California Civil Rights**</div>
<div align="center">***Bane Act*, California Civil Code §§ 52.1 and 52;**</div>
16 <div align="center">**Against all Defendants**</div>

17 30.      Based on the conduct alleged above, defendants, and each of them, are liable to the

18 Estate of Ms. Moore, which brings a claim on her own behalf against these defendants for

19 violation of her California civil rights as enshrined in the *Bane Act*, Cal. Civil Code §52.1, in that

20 they interfered by threats, intimidation, or coercion with the decedent's rights to be free from

21 unreasonable seizure and wrongful death pursuant to the United States Constitution, the

22 California Constitution and California Code of Civil Procedure §377.60, and California common

23 law.  As a direct and proximate result of defendants violations of decedent's civil rights under

24 the *Bane Act*, decedent was killed.  Pursuant to Cal. Civil Code §52, her estate is entitled to an

25 award of up to three times their actual damages, to exemplary damages, in an amount to be

26 determined by the Jury; to a civil penalty of $25,000, for each violation of her rights; and to

27 attorneys' fees to be determined by the Court.

28 //

<div align="center">8</div>

LAW OFFICE OF **DENNIS CUNNINGHAM**
San Francisco, Ca

1

2

**FIVE: Negligence**
**Cal. Common Law, Code of Civil Procedure §377.60 and Gov't Code §§ 815.2, 815.6**
**Against all Defendants**

3  31.    Based on the conduct alleged above, defendants, and each of them, breached their duties

4  to the decedent to exercise reasonable care in the performance of their official duties.  These

5  defendants breached their duties to properly respond to a person in the midst of a mental health

6  crisis who posed no serious threat of harm to herself or anyone else; to become aware of  and

7  trained in the prevailing practices for dealing with people who have mental health disorders,

8  and/or crises; for provoking an escalation which lead to the shooting; and/or by failing to explore

9  other reasonable options available for handling the decedent's mental health crisis at the scene,

10  which thereby proximately and foreseeably caused decedent's death.

11  32.    In addition, the City and the Eureka Police Department are each liable to plaintiffs under

12  Gov't Code §§ 815.2 and 815.6 for negligently training and supervising their employees.

13  **VI.    DAMAGES AND REMEDIES**

14  33.    As an actual and proximate result of the wrongs complained of, the decedent and

15  plaintiffs have suffered and are therefore entitled to general and special compensatory damages

16  in an amount to be determined by the trier of fact.

17  34.    In addition, the individual defendants (including the Doe defendants) are liable to the

18  plaintiffs for punitive (exemplary) damages for their conduct, in amounts to be determined by the

19  trier of fact.

20  **VII.    JURY TRIAL DEMAND**

21  35.    Plaintiffs demand a trial by jury as to each and every count against each and every

22  defendant.

23  **VIII.    PRAYER FOR RELIEF**

24  36.    **WHEREFORE,** plaintiffs pray for relief as follows:

25      a.    for general and special compensatory damages, in amounts to be determined  by

26          the trier of fact;

27      b.    for punitive (exemplary) damages against the individual defendants, in amounts to

28          be determined by the trier of fact;

9

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca

1    c. for three times the actual damages awarded, and a civil penalty of $25,000 for

2    each violation which occurred, pursuant to Cal. Civil Code §§ 52.1 and 52(a),(b);

3    d. for reasonable attorney's fees and costs and expenses of litigation, pursuant to 42

4    U.S.C. § 1988, Cal. Code of Civil Procedure § 1021.5, and Cal. Civil Code §

5    52(b)(3); and

6    e. for such other relief as the Court deems just and proper.

7

8                              Respectfully Submitted,

9                              DENNIS CUNNINGHAM
10                             W. GORDON KAUPP

11

12   DATED:  May 29, 2007

13                              By: _____
                                    W. GORDON KAUPP
14                                  Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND OTHER WRONGS