Dennis Cunningham, SBN 112910
W. Gordon Kaupp, SBN 226141
LAW OFFICE OF DENNIS CUNNINGHAM
Attorneys at Law
115 – ½ Bartlett Street
San Francisco, CA 94110
Tel: (415) 285-8091
Fax: (415) 285-8092

Attorneys for Plaintiffs

Nancy K. Delaney, SBN 70617
William F. Mitchell, SBN 159831
MITCHELL, BRISSO, DELANEY & VRIEZE
Attorneys at Law
814 Seventh Street
P. O. Drawer 1008
Eureka, CA 95502
Tel: (707) 443-5643
Fax: (707) 444-9586

Attorneys for Defendant
CITY OF EUREKA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of CHERI LYN HOLT-MOORE and DAVID MOORE, | CASE NO.: C-07-2792-PJH |
| Plaintiffs, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| vs. | |
| CHIEF DAVID DOUGLAS, OFFICER ROCKY HARPHAM, SGT. MICHAEL JOHNSON, OFFICER TIM JONES, LT. TONY ZANOTTI, LT. TODD WILCOX, SGT. LYNNE SODERBERG, OFFICER MENGAL, DT. RON HARPHAM, OFFICER TERENCE LILES, OFFICER RODRIGO SANCHEZ, THE EUREKA POLICE DEPARTMENT, THE CITY OF EUREKA, AND VARIOUS DOE DEFENDANTS, 1 – x, inclusive, | DATE: September 6, 2007<br>TIME: 2:30 p.m.<br>CTRM: 3, 17th Floor, San Francisco<br>Honorable Phyllis J. Hamilton |
| Defendants. | |

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

1
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1. <u>Jurisdiction and Service</u>

Defendants do not dispute that jurisdiction and venue are proper pursuant to 42 U.S.C. § 1983, however, defendants dispute that there is any factual basis for such claims. Defendants have been served or waived service, including acceptance by counsel for all defendants of service of the First Amended Complaint. The initial pleading of defendants is due September 12, 2007.

2. <u>Facts</u>

*According to Plaintiffs*

On April 14, 2006, the Decedent, who suffered from mental illness and was grieving over the loss of her son who died a year earlier, was experiencing a mental health crisis. Ms. Moore called Humboldt County Mental Health seeking help, in particular with obtaining her previously prescribed medication. After her call with the county mental health worker ended that individual called the Eureka Police Department (EPD) and notified them of the situation.

Police raced to the scene, arrived outside of Ms. Moore's residence, and began banging on her door, demanding entry. Ms. Moore responded that she only needed her medication and that the police should leave. Chief David Douglas brought a SWAT team to her residence.

Chief Douglas, the officers at the scene, and the Chief of the Eureka Fire Department all knew that Ms. Moore had a flare gun, that Ms. Moore had called county mental health for help, that she was suffering a severe mental health crisis and was pleading for her medication. They also knew, or should have known, that she presented no real threat of burning down (or blowing up) the building, no serious threat to the police, or to herself or others. They also knew the situation could be handled according to their trained protocols for dealing with persons suffering mental health crises.

Trained police negotiators contacted Ms. Moore by phone, and she hung up after a brief discussion. The negotiators told Chief Douglas that a fifteen minute break was needed. Chief Douglas told them they could have five minutes. Chief Douglas refused to have the police move out of sight, refused to allow a friend of Ms. Moore to attempt "to talk her down" despite Ms.

MITCHELL, BRISSO, DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

Moore's indication that she would come down if her friend could bring her cigarettes, refused to allow county mental health workers to speak with Ms. Moore, and refused his own trained negotiators the time they needed to speak with Ms. Moore, when no real threat to herself or others existed.

Before five minutes had passed, and with no additional threat or further communication by her and no danger presented to officers or others, Chief Douglas ordered his officers to break into her apartment. Rocky Harpham was armed with a shotgun, Michael Johnson with an AR-15 assault rifle, and Tim Jones with a pellet air gun containing a projectile device. The three officers broke down her front door, entered the apartment and immediately shot her dead.

Chief Douglas worsened an already bad situation, ignored all training, wisdom, sympathy, common sense and decent police practice pertaining to dealing with persons who are suffering from a mental health crisis. He pretended there was a grave threat when none existed, and needlessly caused the death of a stricken woman who in a crisis reached out to the appropriate government agency for help, and instead was literally slaughtered by febrile police.

As a proximate result, decedent was deprived of her rights, and suffered intense emotional pain, anguish, distress and despair before her death, and the completely senseless, needless loss of her life.

### *According to Defendants*

The Eureka Police Department was contacted to make a welfare check of plaintiffs' decedent, who had a history of drug abuse, mental illness and had previously intentionally set fire to an occupied dwelling. Upon making the contact, the decedent threatened to burn down the apartment building in which she resided, began throwing articles out of her window and brandished a flare gun. Efforts were made to establish contact with the decedent by telephone, the general area was cleared and a perimeter established to the extent possible, however, one occupant of the apartment complex was unable to be moved and his health care providers refused to leave him unattended, leaving the building that the decedent threatened to burn occupied by others. As negotiations failed (the decedent refused to

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

3

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

continue dialogue with the negotiators), a tactical plan was developed to make entry if the decedent was observed without the flare gun in hand.  The indication was given from the observation point that decedent had put down the flare gun and an entry was made.  Unfortunately, at entry, the decedent had retrieved the flare gun and pointed it at officers entering, requiring the use of deadly force, to protect the lives of the officers and others.

3. <u>Legal Issues</u>

*According to Plaintiffs*

Plaintiffs' agree that the Bane Act was not intended to be another "wrongful death" cause of action, but contend that a Bane Act claim may be brought by the Estate for violations of Decedent's rights, on her behalf, just the same as the Estate may bring a cause of action for violation of Decedent's Fourth Amendment rights even though Fourth Amendment rights may not be vicariously asserted through a derivative claim, e.g., wrongful death claim, just the same with a Bane Act cause of action, which may not be brought vicariously either.  Plaintiffs dispute Defendants' claim of qualified immunity.

*According to Defendants*

The legal issues should not be complicated with respect to the federal action from the perspective of defendants and it is anticipated that it will be determined that the individual defendants are entitled to qualified immunity and thus, judgment in their favor as a matter of law.  With respect to the purported state claim under the Bane Act (California Civil Code § 52.1), defendants maintain that this Act is not intended as a "wrongful death" statute, nor can a survival action be maintained by the decedent's estate.

4. <u>Motions</u>

Defendants anticipate the following:

a. A Motion to Dismiss the purported Bane Act cause of action;

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

4

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1    b. Motion for judgment as a matter of law with respect to the individual
2 defendants based upon qualified immunity;
3    c. A motion to bifurcate the *Monell* issue for all purposes, including discovery
4 and trial, as there is no reason to address this issue unless plaintiff establishes an
5 underlying constitutional violation with respect to the subject incident.
6    Plaintiffs anticipate, evidently, a Motion to Compel *Monell* Discovery. Plaintiffs
7 will also likely have to move for a Protective Order against the disclosure of Decedent's
8 journal because it is utterly irrelevant. The contents of her journal was not known to the
9 officers at the time of the incident at issue.
10 5. Amendment of Pleadings
11    Plaintiffs anticipate no further amendments to the pleadings.
12 6. Evidence Preservation
13    Defendants have requested that plaintiff David Moore maintain the journal given
14 to plaintiff that documents that plaintiffs' decedent started a dwelling fire when plaintiff
15 occupied the dwelling and without informing plaintiff of the fire. Defendant City of
16 Eureka will, of course, maintain all materials related to the incident.
17    Plaintiffs request that Defendants preserve all *Monell* discovery over the last 5
18 years (or longer depending on the tenure of Chief Douglas), including any and all
19 information relating to uses of force by members of the EPD. Plaintiffs will also seek any
20 and all information relating to the three other deaths inflicted upon residents of Eureka at
21 the hands of the EPD since the death of Cheri Lyn Holt-Moore.
22 7. Disclosures
23    Counsel for the parties are working cooperatively to exchange material in a
24 complete and cost effective manner.
25 //
26 //

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

8. <u>Discovery</u>

No discovery has been undertaken to date. From the perspective of defendants, anticipated discovery should initially be limited to the issue of the underlying constitutional violation, that is, apart from any *Monell* issue, as it is unnecessary to address this issue if plaintiffs fail to establish the underlying constitutional violation. Voluminous materials are already available as the incident was the subject of a coroner's inquest and testimony was taken before a court reporter.

Plaintiffs will oppose Defendants attempt to bifurcate *Monell* discovery. In addition, Plaintiffs will seek comprehensive records relating to any and all training received by any of the EPD officers present at the scene relating to handling persons who are suffering from mental health crises.

9. <u>Class Actions</u>

Not applicable.

10. <u>Related Cases</u>

None.

11. <u>Relief</u>

Plaintiffs will seek compensatory and punitive damages to be determined by the trier of fact.

12. <u>Settlement and ADR</u>

*According to Plaintiffs:*

See Defendants' note.

*According to Defendants:*

No settlement demand has been made, however, defendant would not anticipate that the case would resolve other than by voluntary dismissal, in exchange for a waiver of costs.

//

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

6

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

13. <u>Consent to Magistrate Judge for All Purposes</u>

Defendants have declined to proceed before a Magistrate Judge.

14. <u>Other References</u>

The case is not suitable for binding arbitration, a special master or other references.

15. <u>Narrowing of Issues</u>

As indicated above, it is the position of defendants that the *Monell* issue should be bifurcated. Further, the purported state claim under the Bane Act should be dismissed. This has been discussed by counsel, however, it appears that motions will be necessary to address these matters.

16. <u>Expedited Schedule</u>

Not applicable.

17. <u>Scheduling</u>

Proposed dates:

| | |
|---|---|
| Discovery Cut-Off  (Fact) | May 3, 2008 |
| Designation of Experts | June 4, 2008 |
| Expert Discovery Cut-Off | July 16, 2008 |
| Hearing of Dispositive Motions | September 3, 2008 |
| Pre-Trial Conference | October 29, 2008 |
| Trial | December 1, 2008 |

18. <u>Trial</u>

All parties demand trial by jury.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

*According to Plaintiffs*

1    Willow Darion Tous, the only surviving issue of Larry Moore, Cheri Lyn Holt-
2 Moore's deceased son, is an interested party. Ms. Tous is a minor whose interests will be
3 represented by the Estate. At the discretion and direction of her mother, Mariah Taylor,
4 Ms. Tous will not be a named party in the case.

5    ***According to Defendants***

6    Defendants' initial pleading is not yet due, however, defendant will be filing a
7 statement indicating that, and hereby certifies that there are no other interested entities or
8 persons pursuant to Civil Local Rule 3-16.

9 20.  Other

10   From the perspective of defendant, the most important aspect of achieving a
11 speedy and inexpensive disposition is bifurcation of *Monell* issues so that the case can
12 properly focus on the incident involving plaintiffs' decedent.

13 Dated:  August 31, 2007              LAW OFFICE OF DENNIS CUNNINGHAM

15                                      By: ___*/s/ Gordon Kaupp*_____
16                                          W. Gordon Kaupp
                                            Attorneys for Plaintiffs

18 Dated:  August 31, 2007              MITCHELL, BRISSO, DELANEY & VRIEZE

20                                      By: _____*/s/ Nancy Delaney*_____
21                                          Nancy K. Delaney
                                            Attorneys for Defendants

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

8

JOINT CASE MANAGEMENT CONFERENCE STATEMENT