Nancy K. Delaney, SBN 70617
William F. Mitchell, SBN 159831
MITCHELL, BRISSO, DELANEY & VRIEZE
Attorneys at Law
814 Seventh Street
P. O. Drawer 1008
Eureka, CA 95502
Tel: (707) 443-5643
Fax: (707) 444-9586

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Estate of CHERI LYN HOLT-MOORE and DAVID MOORE,

Plaintiffs,

vs.

CHIEF DAVID DOUGLAS, OFFICER ROCKY HARPHAM, SGT. MICHAEL JOHNSON, OFFICER TIM JONES, LT. TONY ZANOTTI, LT. TODD WILCOX, SGT. LYNNE SODERBERG, OFFICER MENGAL, DT. RON HARPHAM, OFFICER TERENCE LILES, OFFICER RODRIGO SANCHEZ, THE EUREKA POLICE DEPARTMENT, THE CITY OF EUREKA, AND VARIOUS DOE DEFENDANTS, 1 – x, inclusive,

Defendants.

CASE NO.: C-07-2792-PJH

NOTICE OF MOTION AND MOTION FOR PARTIAL DISMISSAL OF COMPLAINT

DATE: October 17, 2007
TIME: 9:00 a.m.
CTRM: 3, 17th Floor
Honorable Phyllis J. Hamilton

# TABLE OF CONTENTS


NOTICE ..........1

MEMORANDUM OF POINTS AND AUTHORITIES ..........2

I. INTRODUCTION ..........2

II. ANALYSIS ..........3

A. Motion To Dismiss Standards ..........3

B. The Claims Against Defendants Zanotti, Wilcox, Soderberg, Mengal, Ron Harpham, Liles, and Sanchez Should Be Dismissed ....3

C. Plaintiff David Moore Lacks Standing to Assert a Fourth Amendment Claim in His Individual Capacity ..........4

D. Plaintiffs' Claims for General Damages (Pain and Suffering) Should Be Dismissed ..........5

E. The Bane Act Does Not Authorize a Cause of Action for Wrongful Death ..........7

III. CONCLUSION ..........10


MITCHELL, BRISSO, DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

## TABLE OF AUTHORITIES

<u>Federal Cases</u>

*AETNA Life Insurance Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470 (9th Cir. 1998)........ 3
*Alderman v. United States*, 394 U.S. 165 (1969)........ 4
*Balistreri v. Pacifica Police Department*, 901 F.2d 696 (9th Cir. 1990)........ 3
*Conley v. Gibson*, 355 U.S. 421 (1957)........ 3
*De La Cruz v. Tormey*, 582 F.2d 45 (9th Cir. 1978)........ 3
*Durning v. First Boston Corp.*, 815 F.2d 1265 (9th Cir. 1997)........ 3
*Gaston v. Colio*, 883 F.Supp. 508 (S. D. Cal. 1995)........ 8
*Hodgers-Durgin v. De La Vina* , 199 F.3d 1037 (9th Cir. 1999)........ 4
*Johnson v. Duffy*, 588 F.2d 740 (9th Cir.1978)........ 4
*Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988)........ 4
*Moreland v. Las Vegas Metropolitan Police Dept.*, 159 F.3d 365, 369........ 9
*Rizzo v. Goode*, 423 U.S. 362 (1976)........ 4
*Robertson v. Wegmann*, 436 U.S. 584 (1978)........ 6
*SEC v. Seaboard Corp.*, 677 F.2d 1315 (9th Cir. 1982)........ 3
*Smith v. City of Fontana*, 818 F.2d 1411 (9th Cir. 1987)........ 4
*Vernerable v. City of Sacramento*, 185 F.Supp.2d 1128 (E.D. Cal. 2002)........ 7
*Williams v. City of Oakland*, 915 F.Supp. 1074 (N.D. 1996)........ 6

<u>State Cases</u>

*Bay Area Rapid Transit Dist. v. Sup. Crt.*, 38 Cal.App.4th 141, 144........ 8
*Berkley v. Dowds*, 152 Cal.App.4th 518, 530 (2007)........ 5
*City of Simi Valley v. Superior Court*, 111 Cal.App.4th 1077 (2003)........ 8
*Coats v. K-Mart Corp*, 215 Cal.App.3d 961 (1989)........ 9
*Gailing v. Rose, Klein & Marias*, 43 Cal.App.4th 1570 (1996)........ 5

MITCHELL, BRISSO, DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

*Garcia v. Sup. Crt.*, 42 Cal.App.4th 177 (1996) ........ 6

*In re Joshua H.*, 13 Cal.App.4th 1734 (1993) ........ 8

Federal Statutes

42 U.S.C. section 1983 ........ 2, 5, 6

42 U.S.C. section 1988 ........ 5

State Statutes

California Civil Code section 52.1 ........ 2, 7

California Code of Civil Procedure section 377.30 ........ 10

California Code of Civil Procedure section 377.32(a) ........ 9

California Code of Civil Procedure section 377.32(b) ........ 9

California Code of Civil Procedure section 377.34 ........ 5, 6

California Code of Civil Procedure section 377.60 ........ 8

California Probate Code section 7000 ........ 9, 10

California Probate Code section 7001 ........ 9, 10

Federal Rules

FRCP Rule 12(b)(6) ........ 1, 3

MITCHELL, BRISSO, DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

# NOTICE

PLEASE TAKE NOTICE that on **Wednesday, October 17, 2007, at 9:00 a.m.**, in the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California, defendants will move the Court for partial dismissal of the complaint. The motion is brought pursuant to Federal Rules of Civil Procedure, and Rule 12(b)(6) on the ground that the complaint fails to state a valid cause of action against Zanotti, Wilcox, Soderberg, Mengal, (Ron) Harpham, Liles, and Sanchez, that the complaint does not state a cause of action for violation of the Fourth Amendment on behalf of plaintiff David Moore, that the complaint does not state a valid claim for general damages for pain and suffering, and that the complaint does not state a valid claim under the Bane Act, as set forth below.

MITCHELL, BRISSO, DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

David Moore, "for himself and as Executor of the Estate of Cheri Lyn Holt-Moore, which is in formation," asserts claims under 42 U.S.C. section 1983 and state law against the City of Eureka, its Chief of Police, and several police officers, arising from the death of Ms. Moore.

The complaint alleges that plaintiffs' section 1983 Fourth Amendment rights were violated when Ms. Moore, who was armed with a flare gun, was shot and killed by defendants (Rocky) Harpham,[1] Johnson, and Jones. (First Amended Complaint ("FAC"), ¶ 23.) The complaint further alleges that the City of Eureka is liable under *Monell* because "the City maintained a policy, custom, and practice of ignoring the mental health needs of its residents who come into contact with the police, and/or for failing to institute commonly accepted practices for handling mental health crises..." and "for maintaining a practice and custom of indulging the gratuitous use of force and violence by police officers by failing to properly train, supervise or discipline its officers." (FAC, ¶ 27.)

The complaint also asserts claims under state law for violation of the Bane Act (Civil Code section 52.1), and negligence.

As discussed below, all claims against defendants Zanotti, Wilcox, Soderberg, Mengal, (Ron) Harpham, Liles, and Sanchez are subject to dismissal because there are no factual allegations contained in the complaint as to what these defendants did or did not do to violate plaintiffs' rights under federal or state law.

To the extent that David Moore asserts a Fourth Amendment claim against defendants, this claim must be dismissed for lack of standing.

---

[1] Officer Rocky Harpham's brother, Detective Ron Harpham, is also named as a defendant.

MITCHELL, BRISSO, DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

Likewise, plaintiffs' general damages claims for pain and suffering are also subject to dismissal, because such claims do not survive death as a matter of law.

Finally, plaintiffs' claim for violation of the Bane Act is subject to dismissal, for the reasons set forth below.

## II. ANALYSIS

### A. Motion To Dismiss Standards

A motion to dismiss may be filed at any time before the answer or other responsive pleading is required to be filed. *AETNA Life Insurance Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1998).

Generally, allegations in a complaint are presumed true under FRCP, Rule 12(b)(6). However, a reviewing court need not accept as true, conclusory allegations or legal characterizations. *SEC v. Seaboard Corp.*, 677 F.2d 1315, 1316 (9th Cir. 1982). The court may disregard allegations in the complaint if contradicted by facts established by reference to documents attached as exhibits to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265 (9th Cir. 1997).

A dismissal under FRCP Rule 12(b)(6) should be granted when the facts alleged, if true, would not entitle a plaintiff to any form of legal remedy. Thus, a Rule 12(b)(6) dismissal is proper where there is either "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990); see also, *Conley v. Gibson*, 355 U.S. 421, 445-46 (1957); *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978).

### B. The Claims against Defendants Zanotti, Wilcox, Soderberg, Mengal, Ron Harpham, Liles, and Sanchez Should Be Dismissed

The plaintiffs' complaint alleges that defendants Lt. Tony Zanotti, Lt. Todd Wilcox, Sgt. Lynne Soderberg, "Officer Mengal," Detective Ron Harpham, Officer Terrence Liles, and Officer Rodrigo Sanchez, were employees of the City of Eureka and

MITCHELL, BRISSO, DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

acting under the color of law "at the time of committing the acts alleged hereinafter…" (FAC, ¶ 12.) However, the complaint is thereafter completely silent as to what these defendants did or did not do to violate plaintiffs' rights under federal or state law.

A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978) (same). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer*, 844 F.2d at 633, citing, *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976).

Absent such "individualized" allegations regarding causation, the claims against defendants Zanotti, Wilcox, Soderberg, Mengal, (Ron) Harpham, Liles, and Sanchez must be dismissed. *Leer*, 844 F.2d at 633; *Johnson*, 588 F.2d at 743.

### C. Plaintiff David Moore Lacks Standing to Assert a Fourth Amendment Claim in His Individual Capacity

Plaintiffs' first cause of action alleges that defendants violated the decedent's right against unreasonable search and seizure under the Fourth Amendment. To the extent that this claim is being brought by plaintiff David Moore, in his own behalf, it is subject to dismissal for lack of standing.

The law is clear that "Fourth Amendment rights are personal rights which ... may not be vicariously asserted." *Alderman v. United States*, 394 U.S. 165, 174 (1969); *Smith v. City of Fontana* (9th Cir. 1987) 818 F.2d 1411, 1417, overruled on other grounds in *Hodgers-Durgin v. De La Vina* (9th Cir.1999) 199 F.3d 1037 (Fourth Amendment rights are personal and cannot be vicariously asserted. If a plaintiff has not been directly

MITCHELL, BRISSO, DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

subjected to unconstitutional conduct, she cannot maintain a personal cause of action under section 1983 in reliance on a Fourth Amendment theory.).

Since plaintiff David Moore does not allege that he was subjected to an unlawful search or seizure, he has no standing to assert a Fourth Amendment claim in his individual capacity.

**D. Plaintiffs' Claims for General Damages (Pain and Suffering) Should Be Dismissed**

The complaint alleges that "the decedent and plaintiffs have suffered and are therefore entitled to general and special compensatory damages." (FAC, ¶ 33.)

As for plaintiffs' state-law claims, the law in California holds that "the right to general damages for pain and suffering is lost as a matter of law by statute when the plaintiff dies." *Gailing v. Rose, Klein & Marias*, 43 Cal.App.4th 1570, 1577 (1996) ("Even if the defendant did not raise the issue, the trial court should instruct the jury that pain and suffering damages are not available because the plaintiff died."); *Berkley v. Dowds,* 152 Cal.App.4th 518, 530 (2007) (surviving wife's claim for "severe emotional distress" and "fear and anxiety" barred – citing Code Civ. Proc., § 377.34[2]).

Accordingly, plaintiffs are barred as a matter of law from asserting claims for general damages for pain and suffering in connection with the state law claims.

As for plaintiffs' federal causes of action, 42 USC section 1983 is silent as to the rights and remedies available in survival actions. In areas in which federal law is silent, 42 USC section 1988 directs federal courts to borrow the law of the forum state unless it

[2] Code Civ. Proc., § 377.34 provides: "In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement." (Emphasis added.)

MITCHELL, BRISSO, DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

is inconsistent with the purposes of the federal law. *Robertson v. Wegmann*, 436 U.S. 584, 588 (1978).

In *County of Los Angeles v. Sup. Crt.* (Schonert) (1999) ("*Schonert*"), the California Supreme Court addressed the question: "In light of the high court's decision in *Robertson*, would a federal court sitting in California apply California's survival statute, section 377.34 [barring survival claims for pain and suffering], when it has pending before it a federal civil rights cause of action brought under [42 U.S.C. section 1983]?[3] After an analysis of the Supreme Court's reasoning in *Robertson*, the Court concluded in the affirmative:

> "...we conclude that under *Robertson v. Wegmann, supra,* 436 U.S. 584, a federal court sitting in California and hearing a federal section 1983 action in which the plaintiff died while the matter was pending would, consistent with the dictate of 42 United States Code section 1988 that in federal civil rights actions federal courts should use the law of the forum state to fill deficiencies in federal law, apply California's survival law banning an estate from recovering damages for the decedent's pain and suffering. *Id.*, 21 Cal.4th at 307-308.[4]

In *Schonert*, the decedent died while her section 1983 action for sexual harassment was pending. Thus, the Court did not address the specific issue of whether California's survival law would be inconsistent with federal civil rights law in situations "where the asserted constitutional deprivation caused the death." *Id.* at 309, n. 9. However, the Court cited with approval the decision in *Garcia v. Sup. Crt.*, 42 Cal.App.4th 177 (1996), which addressed this very issue, and concluded that there was no inconsistency between California's survival statutes and section 1983, stating: "The deterrent purpose of the federal Civil Rights Act is satisfied...by the fact that Code of Civil Procedure 377.34

---

[3] The Ninth Circuit has yet to address this issue.

[4] The Court expressly declined to follow the decision in *Williams v. City of Oakland*, 915 F.Supp. 1074 (N.D. 1996), which reached the opposite conclusion.

MITCHELL, BRISSO, DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

expressly allows punitive damages the decedent would have been allowed to recover had he survived." *Id.* at 185.

In *Lewis v. City of Hayward*, 2006 WL 436134 (N.D. Cal.) (Claudia Wilkins, J.), an excessive force case resulting in death, the district court followed the California Supreme Court's lead in *Schonert* and concluded that the relative of the decedent was not entitled to claim general damages for pain and suffering as a matter of law. *Id.*, at *14.

The district court also cited with approval the district court's decision in *Vernerable v. City of Sacramento*, 185 F.Supp.2d 1128, 1133 (E.D. Cal. 2002). In *Vernerable*, family members of a man shot to death by a police officer brought claims under section 1983 and state law. The defendants moved to dismiss plaintiffs' general damage claims for pain and suffering on the grounds that they were barred by California's survival statutes. After extensive analysis, the district court granted the motion, concluding: "In light of the damages that are provided by the California survival and wrongful death statutes, the court finds that state law is not inconsistent with the Constitution and laws of the United States." *Id.*, at 1133. It also observed: "In the absence of reliable empirical evidence to the contrary, the court declines to adopt the cynical proposition that law enforcement officers generally prefer to run the risk of inflicting death than of merely maiming a victim because death cuts off a claim for pain and suffering by the decedent." *Id.*

Based on the above, plaintiffs' claims for pain and suffering damages should be dismissed.

### E. **The Bane Act Does Not Authorize a Cause of Action for Wrongful Death**

Plaintiffs' fourth cause of action alleges violation of the "Bane Act," i.e., California Civil Code section 52.1.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

The Bane Act and related statutes "are California's response to the alarming increase in hate crimes." *Bay Area Rapid Transit Dist. v. Sup. Crt.*, 38 Cal.App.4th 141, 144; *In re Joshua H.* (1993) 13 Cal.App.4th 1734, 1748, fn. 9. Civil Code section 52.1 provides that a person may bring a cause of action "in his or her own name and on his or her own behalf" against anyone who "interferes by threats, intimidation or coercion, with the exercise or enjoyment" of that person's constitutional or statutory right.

Plaintiffs' Bane Act claim is defective for several reasons.

First, the cause of action lacks the requisite factual specificity. The complaint fails to identify which defendant or defendants caused plaintiffs' rights under the Bane Act to be violated. Furthermore, the complaint contains no factual allegations specifying the "threats, intimidation, or coercion" that constituted the purported Bane Act "hate crime."

Second, plaintiffs' Bane Act claim invokes California Code of Civil Procedure section 377.60, which is California's wrongful death statute. (FAC, p.9:1.)

Court's have consistently held that the Bane Act may not be asserted as a wrongful death cause of action. See, *Bay Area Rapid Transit Dist.*, 38 Cal.App.4th at 144 ("The Bane Act is simply not a wrongful death provision. It clearly provides for a personal cause of action for the victim of a hate crime."); *City of Simi Valley v. Superior Court* 111 Cal.App.4th 1077, 1085 (2003) (quoting *Bay Area Rapid Transit Dist.*); *Gaston v. Colio*, 883 F.Supp. 508 (S. D. Cal. 1995) ["…the Court notes that a straightforward reading of section 52.1(b) ('any individual whose exercise and enjoyment of rights secured by the Constitution or laws…has been interfered with…may institute and prosecute in his or her own name and on his or her own behalf…') suggest that plaintiffs in the recent case are not among those enabled to bring a cause of action under section 52.1(b) because plaintiffs were not the ones whose rights were allegedly violated."]

Thus, to the extent that plaintiffs' Bane Act claim is being asserted as a wrongful death claim, it should be dismissed.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

The complaint also alleges that the Bane Act claim is being asserted by the estate of Ms. Moore "on her own behalf." (FAC, p.8:24.) However, the California Code of Civil Procedure specifies that a survival action on behalf of the estate may only be prosecuted "by the decedent's personal representative or, if none, by the decedent's successor in interest." *Id*., section 377.30; see also, Cal. Probate Code sections 7000, 7001.

There are no allegations in the complaint establishing that David Moore is a duly appointed representative of an existing estate. The complaint merely alleges that the estate is "in formation." (FAC, p. 2:2.) Nor does the complaint establish that David Moore has satisfied the requirements of California Code of Civil Procedure section 377.32(a) and (b). Under this statute, a person who seeks to bring an action as the decedent's successor in interest is required to file a declaration establishing, among other things, that no proceedings are pending in California for the administration of the decedent's estate, and that no other person has a superior right to commence the action or proceeding for the decedent. Thus, the complaint fails to establish that any action can be brought on behalf of the decedent. See, *Coats v. K-Mart Corp* (1989) 215 Cal.App.3d 961; *Moreland v. Las Vegas Metropolitan Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998) ("The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets the state's requirements for bringing survival actions."); See also, *Dillard v. Curtis* 2004 WL 2496130, *8 (N.D.Cal. 2004) (Hamilton, J.) (plaintiff failed to establish standing to assert fourth amendment claim on behalf of decedent because the record did not establish that he was either a personal representative or successor in interest).

Furthermore, section 52.1(b) of the Bane Act expressly provides that claims under the Act may only be prosecuted by a person "in his or her own name and on his or her own behalf." This, by definition, precludes a survival action on behalf of the estate,

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

which may only be prosecuted "by the decedent's personal representative or, if none, by the decedent's successor in interest." Code of Civil Procedure section 377.30; see also, Cal. Probate Code sections 7000, 7001.

Accordingly, plaintiffs' fourth cause of action for violation of the Bane Act is subject to dismissal.

## III. CONCLUSION

For all of the above-stated reasons, defendants are entitled to partial dismissal of the complaint, as specified above.

Dated: September 12, 2007

MITCHELL, BRISSO, DELANEY & VRIEZE

By: [signature]
Nancy K. Delaney
William F. Mitchell
Attorneys for Defendants

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502