1  Nancy K. Delaney, SBN 70617
   William F. Mitchell, SBN 159831
2  MITCHELL, BRISSO, DELANEY & VRIEZE
   Attorneys at Law
3  814 Seventh Street
   P. O. Drawer 1008
4  Eureka, CA  95502
   Tel:  (707) 443-5643
5  Fax: (707) 444-9586

6  Attorneys for Defendants

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10 | Estate of CHERI LYN HOLT-MOORE | CASE NO.:  C-07-2792-PJH |
   | and DAVID MOORE, | |
11 | | REPLY TO OPPOSITION TO MOTION |
   | | FOR PARTIAL DISMISSAL OF |
12 | Plaintiffs, | COMPLAINT |
13 | vs. | |
14 | CHIEF DAVID DOUGLAS, OFFICER | DATE: October 17, 2007 |
   | ROCKY HARPHAM, SGT. MICHAEL | TIME: 9:00 a.m. |
15 | JOHNSON, OFFICER TIM JONES, LT. | CTRM: 3, 17th Floor |
   | TONY ZANOTTI, LT. TODD WILCOX, | Honorable Phyllis J. Hamilton |
16 | SGT. LYNNE SODERBERG, OFFICER | |
   | MENGAL, DT. RON HARPHAM, | |
17 | OFFICER TERENCE LILES, OFFICER | |
   | RODRIGO SANCHEZ, THE EUREKA | |
18 | POLICE DEPARTMENT, THE CITY OF | |
   | EUREKA, AND VARIOUS DOE | |
19 | DEFENDANTS, 1 – x, inclusive, | |
20 | Defendants. | |

21 _____

22

23

24

25

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

REPLY TO OPPOSITION TO MOTION FOR PARTIAL DISMISSAL OF COMPLAINT

## I. THE COMPLAINT CLEARLY FAILS TO ALLEGE ANY CLAIMS AGAINST DEFENDANTS ZANOTTI, WILCOX, SODERBERG, MENGAL, RON HARPHAM, LILES, AND SANCHEZ

The sum total of allegations in plaintiffs' first amended complaint against defendants Lt. Tony Zanotti, Lt. Todd Wilcox, Sgt. Lynne Soderberg, "Officer Mengal," Detective Ron Harpham, Officer Terrence Liles, and Officer Rodrigo Sanchez are as follows: each were employees of the City of Eureka and acting under color of law. (FAC, ¶ 12.)

In their opposition to defendants' motion to dismiss, plaintiffs state that "[i]t is too early in litigation – prior to any discovery – to know what each individual officer did." (Opposition, p. 3:8-9.)[1]

An attorney has a duty prior to filing a complaint to conduct a reasonable factual investigation and also to perform adequate legal research to confirm whether the underpinnings of the complaint are warranted by existing law or good faith argument for modification of existing law. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir.2002); Fed.R.Civ.P. 11(b)(3). Furthermore, it is improper for a plaintiff to ask a court to assume that plaintiff can prove facts different from those it has alleged in a complaint. *Associated Gen. Contractors of Calif., Inc. v. California State Council of Carpenters, Inc.* (1983) 459 US 519, 526.

A motion to dismiss should be granted in favor of an individual defendant when the complaint fails to specify what the defendant did or did not do to cause plaintiff's rights to be violated.

---

[1] Plaintiffs' opposition also attempts to set forth "what is now known" about the alleged roles and conduct of defendants Wilcox, Soderberg, Ron Harpham, Mengel, Sanchez and Liles. However, it is axiomatic that statements in an opposition to a motion to dismiss do not constitute, and cannot substitute for, allegations in a complaint. *Arpin v. Santa Clara Valley Transp. Agency* 261 F3d 912, 925 (9th Cir. 2001) ; *Paulsen v. CNF, Inc.* 391 F.Supp.2d 804, 807 (ND CA 2005).

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

1

REPLY TO OPPOSITION TO MOTION FOR PARTIAL DISMISSAL OF COMPLAINT

For example, in *Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266 (1982), the plaintiff alleged that his section 1983 rights were violated when he was discharged from his employment by a public university and private institution. Two defendants brought motions to dismiss on the grounds that the complaint failed to set forth specific factual allegations concerning their participation in the alleged constitutional violations. The district court affirmed dismissal of the defendants, and the Ninth Circuit affirmed, stating:

> "...a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*, 673 F. at 268, citing *Johnson v. Wells*, 566 F.2d 1016 (5th Cir. 1978); *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987 (9th Cir. 1976), and *Keker v. Procunier*, 398 F.Supp. 756, 766 (E.D.Cal. 1975).

(See also, *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1982) (granting motion to dismiss and stating that plaintiff must identify "with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (granting motion to dismiss and stating "a plaintiff must allege facts...that show that an individual was personally involved in the deprivation of his civil rights"); *Bruns v. National Credit Union*, 122 F.3d 1251, 1257 (9th Cir. 1997) (granting motion to dismiss Bivens claim against federal employees and stating "vague and conclusory allegation of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" – quoting *Ivey v. Board of Regents*); *Lee v. Collier* 2007 WL 1689377 *5 (N.D. Cal.) (granting motion to dismiss and explaining that "plaintiff must link defendant...to his claim by explaining what defendant did that caused a violation of plaintiff's constitutional rights" – citing *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).)

In addition, it is well established that a defendant may not be held liable as the superior of the persons who allegedly violated a plaintiff's constitutional rights. Rather, a

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

2

REPLY TO OPPOSITION TO MOTION FOR PARTIAL DISMISSAL OF COMPLAINT

supervisor is liable under section 1983 only on showing of (1) personal involvement in the alleged constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the alleged constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1074 (1992).

Plaintiffs' amended complaint not only fails to allege "conclusory" facts regarding a causal link between the actions of defendants Zanotti, Wilcox, Soderberg, Mengal, Ron Harpham, Liles, and Sanchez and an alleged constitutional violation, but it fails to allege *any* facts whatsoever in this regard. If plaintiffs believe that these defendants caused plaintiffs' rights under federal or state law to be violated, then these defendants are entitled to know the alleged factual basis of the claims against them.

## II. PLAINTIFF DAVID MOORE CONCEDES THAT HE CANNOT ASSERT A SECTION 1983 CLAIM AGAINST ANY DEFENDANT ON HIS OWN BEHALF

The law is clear that fourth amendment rights are personal rights, and may not be vicariously asserted. *Alderman v. United States*, 394 U.S. 165, 174 (1969).

Plaintiff David Moore does not oppose dismissal of the section 1983 claim to the extent that it is brought on his own behalf.

## III. PLAINTIFFS CONCEDE THAT THEY CANNOT ASSERT DAMAGE CLAIMS FOR PAIN AND SUFFERING OR EMOTIONAL DISTRESS

Plaintiff concedes that damages for pain and suffering, as well as damages for mental emotional distress, "including grief and sorrow of survivors," are not available as a matter of law in this case.

## IV. THE AMENDED COMPLAINT FAILS TO ALLEGE FACTS SUPPORTING A BANE ACT VIOLATION

The Bane Act, i.e., Civil Code section 52.1, provides a cause of action based on the interference of state or federal rights by "threats, intimidation, or coercion." Thus,

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

3

REPLY TO OPPOSITION TO MOTION FOR PARTIAL DISMISSAL OF COMPLAINT

"[t]he essence of a Bane Act claim is that the defendant by the specified improper means (i.e. 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal.App.4th 860, 883, citing *Jones v. Kmart Corp.*, 17 Cal.4th 329, 338.

Plaintiffs opposition fails to identify any allegations in the amended complaint which specify (1) the factual basis for a Bane Act claim, or (2) which defendants allegedly violated the Bane Act.[2]

## V. PLAINTIFFS CONCEDE THAT THERE CAN BE NO BANE ACT CLAIM FOR WRONGFUL DEATH

Plaintiffs also concede that "the Bane Act is not a wrongful death statue, and that such a claim may not be derivatively asserted by another through the Bane Act." (Opposition, p. 8, fn. 6.)

Plaintiffs argue that a Bane Act claim may nevertheless be maintained by David Moore, as the decedent's successor in interest to Ms. Moore's estate, pursuant to California Code of Civil Procedure, section 377.30.

As pointed out in defendants' initial memorandum, a person who seeks to bring an action as the decedent' successor in interest is required to file a declaration establishing, among other things, that no proceedings are pending in California for the administration

---

[2] Plaintiffs suggest that "coercion" is the factual basis of the Bane Act claim. However, the plaintiffs concede that Ms. Moore was shot when she "reached for a flare gun," and cite *Alexander v. San Francisco*, 29 F.3d 1355, 1366 (9th 1994). As pointed out in plaintiffs' opposition, "[p]laintiff [in that case] did not claim 'that once [decedent] pointed his gun at the officers and pulled the trigger, the officers used unreasonable force in shooting to kill. Rather, plaintiff argue[d] that defendants used excessive force in creating the situation which caused [decedent] to take the actions he did.' " (Opposition, p. 6, fn. 3.) Under this theory, no discernable Bane action is apparent, as the decedent had no right under federal or state law to point a flare gun at the defendant officers.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

4

REPLY TO OPPOSITION TO MOTION FOR PARTIAL DISMISSAL OF COMPLAINT

of the decedent's estate,[3] and that no other person has a superior right to commence the action or proceeding for the decedent. Cal. Code of Civil Procedure section 377.32; see also, *Coats v. K-Mart Corp.* (1989) 215 Cal.App.3d 961; *Moreland v. Las Vegas Metropolitan Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998) ("The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes survival action and that the plaintiff meets the state's requirements for bringing survival actions."); *Dillard v. Curtis* 2004 WL 2496130, *8 (N.D. Cal.) (Hamilton, J.) Because there are no allegations or court filings meeting the requirements of C.C.P. 377.32, David Moore cannot assert a Bane Act claim (or any other claim) on behalf of the estate of Ms. Moore.

Finally, Plaintiffs cite no pertinent authority in support of the proposition a Bane Act claim may be maintained by David Moore, as the decedent's successor in interest.

Not surprisingly, plaintiffs fail to address or reconcile the express language of Civil Code section 52.1, which provides that a claim under the Act may only be "instituted and prosecuted" by an individual "in his or her own name and on his or her own behalf…to protect the peaceable exercise or enjoyment of the right or rights secured."

"[W]ords in a statute are construed in accordance with their usual and ordinary meaning, and where the statute is clear, the 'plain meaning' rule applies [and] the Legislature is presumed to have meant what it said…" *City of Highland v. County of San Bernardino*, 4 Cal.App.4th 1174, 1186 (1992). [4]

---

[3] In fact, plaintiffs' opposition states that a proceeding is pending for the administration of Ms. Moore's estate, which would appear to preclude his successor in interest claim under C.C.P. 377.32(a)(3).

[4] Plaintiffs' citations to federal decisions discussing "general principles" of federal common law are not germane to interpretation of the legislative intent with respect to the Bane Act.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

5

REPLY TO OPPOSITION TO MOTION FOR PARTIAL DISMISSAL OF COMPLAINT

1  A "survival action" may only be instituted and prosecuted "by the decedent's personal representative, or, if none, by the decedent's successor in interest." Code of Civil Procedure section 377.30; see also, Cal. Probate Code sections 7000, 7001. Presumably, the Legislature was aware of the requirements for a survival action when Civil Code section 52.1 was enacted, and could have easily worded the statute to permit a survival action by a successor in interest. See, e.g., *Viking Pools, Inc. v. Maloney* 48 Cal.3d 602, 609 (1989) (Legislature is presumed to be aware of existing "applicable law" when enacting a statute). However, the wording of the statute suggests otherwise.

## VI. CONCLUSION

For all of the above reasons, and for the reasons set forth in defendants' initial memorandum, defendants' motion for partial dismissal should be granted.

Dated: October 3, 2007  MITCHELL, BRISSO, DELANEY & VRIEZE

By: _____
Nancy K. Delaney
William F. Mitchell
Attorneys for Defendants

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

6

REPLY TO OPPOSITION TO MOTION FOR PARTIAL DISMISSAL OF COMPLAINT