United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESTATE OF CHERI LYN HOLT-MOORE
and DAVID MOORE,

        Plaintiffs,

        v.

CHIEF DAVID DOUGLAS, OFFICER
ROCKY HARPHAM, SGT. MICHAEL
JOHNSON, OFFICER TIME JONES,
LT. TONY ZANOTTI, LT. TODD
WILCOX, SGT. LYNNE SODERBERG,
OFFICER MENGAL, DT. RON
HARPHAM, OFFICER TERENCE LILIES,
OFFICER RODRIGO SANCHEZ, THE
EUREKA POLICE DEPARTMENT, THE
CITY OF EUREKA, AND VARIOUS
DOE DEFENDANTS, 1 - x, inclusive,

        Defendants.
_____/

No. C 07-2792 PJH

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

        Defendants' motion to dismiss plaintiffs' complaint came on for hearing before this court on October 17, 2007. Plaintiffs appeared through their counsel, W. Gordon Kaupp, and defendants appeared through their counsel, Nancy K. Delaney. Having carefully reviewed the parties' papers and considered their arguments and relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows, for the reasons stated at the hearing and summarized as follows.

        1.     Defendants' motion to dismiss all causes of action against defendants Zanotti, Wilcox, Soderberg, Mengal, Harpham, Lilies and Sanchez is GRANTED, due to plaintiffs' failure to allege with specificity any grounds for relief against these defendants. The court finds that plaintiffs' have failed to comply with the requirements of Rule 8. The dismissal is with leave to amend.

2. Defendants' motion to dismiss the first cause of action for violation of the Fourth Amendment brought pursuant to 42 U.S.C. § 1983 against all defendants is also GRANTED, as plaintiffs fail to clarify that this claim is only asserted by the estate of Ms. Moore, and not by plaintiff David Moore, who has no standing to assert this claim on his own behalf. Leave to amend is granted, so that plaintiffs can cure this deficiency.

3. Defendants' motion to dismiss plaintiff's request for pain and suffering damages is construed by the court as a motion to strike. Plaintiffs concede that pain and suffering damages are not available as a matter of law and contend that they have made no such claim for relief. The motion is GRANTED, however, as the damages sought are not clear from the complaint. Leave to amend is granted so that plaintiffs can clarify these allegations.

4. Finally, defendants' motion to dismiss plaintiffs' cause of action for violation of the Bane Act is GRANTED in part and DENIED IN PART. To the extent that a Bane Act claim is stated by plaintiff Moore on his own behalf, it is GRANTED. However, with regard to a claim asserted by the estate, the court DENIES the motion and expressly rejects defendants' argument that the estate of Ms. Moore is legally incapable of asserting a Bane Act claim, as there is an absence of legal authority supporting this argument. However, as the claim even as to the estate is not stated with sufficient detail to enable the court to determine whether a claim is actually stated, the motion is GRANTED with leave to amend.

Plaintiffs shall file an amended complaint no later than November 19, 2007. And the must attach to the complaint the order of the Probate Court establishing an estate for the decedent. Defendants shall have 20 days thereafter in order to respond to the amended complaint.

**IT IS SO ORDERED.**

Dated: October 19, 2007

PHYLLIS J. HAMILTON
United States District Judge

2