

1  W. GORDON KAUPP, State Bar #226141
2  DENNIS CUNNINGHAM, State Bar #112910
   Law Office of Dennis Cunningham
3  115 ½ Bartlett Street
   San Francisco, CA 94110
4  Tel:    (415) 285-8091
   Fax:    (415) 285-8092
5  gordonk@hotmail.com
   denniscunningham@juno.com
6

7  Attorneys for Plaintiffs

8

9                UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12

13  Estate of CHERI LYN HOLT-MOORE and          **Case No. C-07-2792 PJH**
    DAVID MOORE,
14                                              **SECOND** AMENDED COMPLAINT
                                                **FOR DAMAGES FOR VIOLATION OF**
15              Plaintiffs,                     **CIVIL RIGHTS AND OTHER WRONGS**

16      v.                                      **JURY TRIAL DEMANDED**
    CHIEF DAVID DOUGLAS, OFFICER
17  ROCKY HARPHAM, SGT. MICHAEL
    JOHNSON, OFFICER TIM JONES, LT.
18  TONY ZANOTTI, LT. TODD WILCOX,
    OFFICER MENGAL, DT. RON HARPHAM,
19  OFFICER TERENCE LILES, OFFICER
    RODRIGO SANCHEZ, THE EUREKA
20  POLICE DEPARTMENT, THE CITY OF
    EUREKA, AND VARIOUS DOE
21  DEFENDANTS, 1-x inclusive,

22              Defendants.

23

24  //

25

26

27

28
                                    1

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca

1

### I.       INTRODUCTION

2      This case arises from the fatal shooting of plaintiffs' decedent, Cheri Lyn Holt-Moore, by

3   members of the Eureka (California) Police Department ("EPD"), who were part of an all-out

4   emergency SWAT-team operation, led by the Chief of the Department, Lieutenants Zanotti and

5   Wilcox, and replete with snipers and flash-bang entry tactics, whereby they dealt with the

6   supposed mortal threat to public safety presented by this grandmother, mental patient, locked

7   inside her own apartment, grieving and apparently distraught on the one-year anniversary of the

8   death of a son, and needing and pleading for her medication, who had managed to get hold of a

9   pistol-like device used for launching signal flares out at sea, and so supposedly presented an

10  intolerable public menace for which the only remedy was summary extermination by the police.

11      In point of fact, the decedent was essentially harmless, and well-known to the police ---

12  and to numerous other public servants implicated in the system-wide, grossly immoral default of

13  common sense and basic humanity which led to her death (and apparently that of at least three

14  other unfortunates in Eureka recently, as well) --- from repeated "calls for service" and other

15  episodes and periods of her discombobulation, illness and need.  She could readily have been

16  brought through the crisis she was experiencing by a minimally reasonable course of humane

17  response, by social workers and police, acting reasonably and according to established protocols,

18  and supposed careful training, for dealing with mentally and emotionally distressed persons.

19      Instead, the defendant EPD command staff and line officers unreasonably --- and with

20  deliberate, 'obdurate and wanton' indifference to the decedent's fundamental rights, and

21  humanity --- turned the public service response to a middle-aged woman's apparent psychiatric

22  crisis into a military exercise, and took her life in a heedless instant, with an overwhelming,

23  lethal, commando attack into her home.  An epitome of unnecessary force.

24      As part of the Fourth and Fourteenth Amendment claims under Sec. 1983, the plaintiffs

25  allege that, in addition to the actions of the involved officers, the suffering and death in this case

26  were caused in part by an unconstitutional 'policy, custom and practice' on the part of the Police

27  Department of the defendant City of Eureka, whereby there is wrongful, actionable tolerance,

28

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca

SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
AND OTHER WRONGS

1  indulgence and tacit encouragement, in the chain of command, for precipitous, overbearing and

2  excessive use of force, and particularly lethal force, by EPD officers on patrol and/or responding

3  to calls for service in the community; and also plenty of departmental attention and energy for

4  any needed cover-up, when things go too far wrong.  The existence of such a violence-prone

5  EPD 'custom and practice'--- apparently also shown to strong effect in the time-related shooting

6  deaths of two teen-agers, Chris Burgess and Zachary Cooke, and the death in jail of a housing-

7  deprived  man, Martin Cotton, after an alleged // well-witnessed EPD beating --- could not be

8  more plainly reflected than in the facts of this case.

9        Plaintiffs and counsel have determined that, notwithstanding the plain, related and

10  arguably jointly liable, heedless failings of other public servants involved in the train of events

11  that led to the deprivations, injuries and needless death herein --- notably including, e.g, the

12  social worker(s) who failed to follow up Ms. Holt-Moore's call for help with minimal urgent

13  counseling, and help, and the needed meds; and the cops who (instead) first went to her home

14  and started banging on the door, demanding entry, apparently sending her over the edge --- those

15  who truly, plainly and proximately deprived Cheri Lyn Moore of her rights, to life, and

16  reasonable treatment, and caused her wrongful death, were the officers in the assault team, the

17  snipers supporting them, and the commanders and chain of command who led them, and

18  ordained the attack; with the City, they are the named defendants.

19        The plaintiffs are the decedent's Estate, bringing claims for violation of her civil rights,

20  and her surviving son, who is Administrator of the Estate, and also brings claims for Wrongful

21  Death and Loss of Love, Comfort, Affection and Society. His deceased brother, Lawrence

22  Moore, who left a child, Willow, now aged ten, whose mother as guardian previously withdrew

23  from the case.

24            **II.     JURISDICTION AND VENUE**

25  **1.**      This case is brought pursuant to 42 U.S.C. §1983 with pendent state law claims.

26  Jurisdiction is based upon 28 U.S.C. §1331 and §1343.  This court has pendent jurisdiction over

27  state law claims under 28 U.S.C. § 1367.

28

SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
AND OTHER WRONGS

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca

2.      Venue is proper in this Court under 28 U.S.C. §1391(b) because the defendants reside in the Northern District of California, and the acts complained of occurred in this district.

3.      As to the pendent claims under state law, plaintiffs filed a timely claim under Cal. Gov't Code § 910, which was denied by the City of Eureka in a letter dated November 27, 2006.

### III.     PARTIES

4.      The plaintiffs' decedent, Cheri Lyn Holt-Moore, was a resident of Eureka, California, who was killed as a result of the unlawful actions of the defendants.  The Estate of Cheri Lyn Holt-Moore, by its duly-appointed Administrator, David Moore, decedent's son, brings this action for violation of Ms. Holt-Moore's constitutional and civil rights, seeking compensatory and punitive damages.  David Moore, in his own right as the son, brings the action also for the wrongful death of Ms. Moore, pursuant to California Code of Civil Procedure sections 377.10 and 377.11, and Probate Code sections 6401 and 6402, seeking compensatory and punitive damages.

5.      Defendant David Douglas was the Chief of Police in the City of Eureka, with the lawful authority and responsibility to set policy and rules, and supervise practice, training and discipline in the operations of the E.P.D.

6.      Defendants Lt. Tony Zanotti and Lt. Todd Wilcox were senior commanders in the EPD, with full supervisory responsibility, present at the scene and fully involved in the operation.  Sgt. Michael Johnson, down the chain of command,  was squad leader of the assault team.

7.      Officers Rocky Harpham, Tim Jones, Terrence Liles and Rodrigo Sanchez were the other members of the assault team.  Officers (FNU) Mengal and Ron Harpham were snipers, who kept high-powered rifles trained on the decedent through the windows of her home before the assault.

8.      All the individual defendants named in Pars. 9-11 above were at all times duly authorized employees of the defendant City of Eureka Police Department, acting within the course and scope of their respective duties, and under color of state law.

//

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca

4

1

## IV.    STATEMENT OF FACTS

2   **9.**      On April 14, 2006, decedent Cheri Lyn Holt-Moore, grieving on the first anniversary of

3   the death of her son Larry, began to experience a mental health crisis.  She called the Humboldt

4   County Mental Health Department seeking help, apparently making vague threats, asking in

5   particular to get her previously prescribed medication, and urgently requesting that the police <u>not</u>

6   be sent to her home.  After her call, the mental health worker called the Eureka Police

7   Department and asked that police be sent, to make a "welfare check".

8   **10.**     EPD officers, not bringing the needed medication or other assistance in any form,

9   arrived at Ms. Moore's residence and began banging on the door, demanding to be let in.  This

10  obviously aggravated her emotional and mental state, and she refused.  She expressed her strong

11  desire that the police leave and continued to ask for her medication.  Thereafter, the department

12  SWAT team was dispatched to her residence.

13  **11.**     Defendant Douglas, the officers at the scene, and the Chief of the Eureka Fire

14  Department, who also came to the scene, all knew that Ms. Moore had a "gun", used at sea for

15  firing signal flares into the air at night.  They knew she was a mental health patient, suffering a

16  crisis, and had called the mental health department for help; and that she needed her prescribed

17  medication.   At the time she presented no threat to the officers, herself or anyone else which

18  could not have been handled by calm negotiation and without an overt threat of force.

19  **12.**     After some time, a police negotiator contacted Ms. Moore by phone; but she soon hung

20  up.  EPD negotiators said a fifteen minute break was needed before another call would be

21  attempted.  Chief Douglas and defendants Zanotti, as event commander, and Wilcox, as SWAT

22  Team commander, refused to allow this.  The commanders refused to have the police move out

23  of sight, refused to allow a friend of Ms. Moore attempt "to talk her down", refused to allow

24  county mental health workers to even speak with Ms. Moore, let alone bring her her meds, and

25  even refused the department's own negotiators time to speak to her, when no real threat to

26  herself or others existed.

27  **13.**     Before even five minutes passed, let alone the fifteen minutes the negotiators said was

28

5

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca

1  needed, and with no further communication from Ms. Moore or any additional threat by her or

2  other danger presented to officers or others, the commanders ordered the SWAT Team officers

3  to invade her home and to attack.  On information and belief, the team 'point man' was

4  defendant Rodrigo Sanchez, with a battering ram; defendant Rocky Harpham was armed with a

5  shotgun, defendant Johnson, the sergeant, with an AR-15 assault rifle, and defendant Tim Jones

6  with a "less-lethal" pellet air gun containing a "flash-bang" device; defendant Tim Liles --- the

7  fatal shooter in one of the noted collateral death cases informing the 'policy' allegations herein

8  --- brought up the rear.  The officers broke down the decedent's front door, entered the apartment

9  and --- supposedly when she reached for the flare gun where it lay on a shelf --- immediately

10  shot her dead.

11  **14.**    Chief Douglas and defendants Zanotti and Wilcox radically worsened an otherwise only

12  routinely difficult situation by pretending there was a grave threat when none existed, and

13  needlessly caused the death of a woman who, stricken with a mental health crisis, reached out to

14  the appropriate government agency for help.

15  **15.**    As a proximate result of the foregoing, decedent suffered fear, anguish, distress and

16  despair before her death, and the loss of her life; and she was deprived of her rights under the

17  Fourth and Fourteenth Amendments to the United States Constitution.

18                    **V.    CAUSES OF ACTION**

19           **ONE: Unreasonable Seizure and Deprivation of Life**
     **Violations of the Fourth and Fourteenth Amendments to the United States Constitution,**
20                    **pursuant to 42 U.S.C. § 1983;**
                         **Against all Defendants**
21

22  **16.**    Based on the conduct alleged above --- the training of sniper rifles on Ms. Holt-Moore

23  while she was inside her home by defendants Mengal and Ron Harpham (See, *Robinson v.*

24  *Solano County*, 278 F.3d 1007 (9th Cir. 2002 *en banc*), the home invasion and unlawful entry

25  into the apartment by defendants Johnson, Sanchez, Rocky Harpham, Jones and Liles, and the

26  command, direction and supervision by defendants Douglas, Zanotti, Wilcox and Johnson ---

27  plaintiffs are entitled to judgment against the named individual defendants, and each of them, for

28

6

violation of Ms. Holt-Moore's right to be free from unreasonable seizure, under the Fourth

Amendment to the United States Constitution; for depriving her of the privileges and immunities

enjoyed by all citizens, and equal protection of the laws --- in that they discriminated against her

as a mental patient --- under the Fourteenth Amendment; and for denying her Due Process of

Law, with respect to any criminal offense they may pretend to have believed she was guilty of,

by using force against her in a way that shocks the conscience of any civilized person, which

caused her death.

**17.**     In addition, the City of Eureka is jointly liable with the named individual defendants for

the said federal constitutional violations, by dint of the above-described 'policy, custom and

practice' of blind-eye indulgence and cover-up of wrongful uses of force, and lethal force, by

EPD officers, within the meaning of the rules announced by the U.S. Supreme Court in *Monell v.*

*Dept of Social Services* and *Adickes v. Kress.*

**TWO: Violation of Rights**
**Protected by the Constitution of California, Article One, Secs. 1, 2 & 13**
**Per the "Bane Act", Secs. 51.7, 52.1 and 52(a) of the California Civil Code**
**All Defendants.**

**18.**     Based on the conduct alleged above, plaintiffs are further entitled to judgment against

the individual police defendants, and each of them, for interference with the decedent's rights

under the Fourth and Fourteenth Amendments to the United States Constitution, the California

Constitution and the laws of this State --- particularly her rights under Secs. 1, 2 and 13 of

Article One of the California Constitution, and Secs.43 and 1708 of the California Civil Code ---

by threats, intimidation and coercion, per Sec.52.1 of the Civil Code

**19.**     In addition, defendant violated the right of the decedent to be free from violence and the

threat of violence based on her status as a mental patient, under Sec. 51.7 of the Civil Code.

**20.**     Pursuant to Cal. Civil Code §52, Ms. Holt-Moore's Estate, on her behalf, is entitled to

an award of up to three times the actual damages; exemplary damages in an amount to be

determined by the Jury; a civil penalty for each violation of her rights; and attorneys' fees to be

determined by the Court.

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca

7

**THREE: Wrongful Death**
**California Code of Civil Procedure §377.60 and Gov't Code §§ 815.2, 815.6**
**All Defendants**

**21.**     Based on the conduct alleged above, plaintiff David Moore, as the surviving son of Cheri-Lyn Holt-Moore, is entitled to judgment against these defendants, and each of them, for causing the wrongful death of Ms. Moore by mounting a SWAT Team assault operation which they ended by shooting and killing her in her own home, without justification or excuse.

**22.**     Further, the complained-of acts and the resulting wrongful death give rise to a cause action for both plaintiffs against the City of Eureka, under §815.6 of the California Government Code, in that plaintiffs allege the City of Eureka was under a mandatory duty to ensure, through adequate and proper police training, supervision and discipline, that force would not be used indiscriminately against citizens; and it failed in this duty, resulting in the Wrongful Death of the plaintiff's decedent.

**FOUR: Negligence**
**Cal. Common Law, Code of Civil Procedure §377.60 and Gov't Code §§ 815.2, 815.6**
**Against all Defendants**

**23.**     Based on the conduct alleged above, defendants, and each of them, breached their duties to the decedent to exercise reasonable care in the performance of their official duties.  These defendants breached their duties to properly respond to a person in the midst of a mental health crisis who posed no serious threat of harm to herself or anyone else; to become aware of  and trained in the prevailing practices for dealing with people who have mental health disorders, and/or crises; for provoking an escalation which lead to the shooting; and/or by failing to explore other reasonable options available for handling the decedent's mental health crisis at the scene, which thereby proximately and foreseeably caused decedent's death.

**24.**     In addition, the City and the Eureka Police Department are each liable to plaintiffs under Gov't Code §§ 815.2 and 815.6 for negligently training and supervising their employees.

## VI.     DAMAGES AND REMEDIES

**25.**     As an actual and proximate result of the wrongs complained of, the decedent and plaintiffs have been harmed and are therefore entitled to general and special compensatory

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca

SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
AND OTHER WRONGS

1  damages in an amount to be determined by the trier of fact.

2  **26.**    In addition, the individual defendants (including the Doe defendants) are liable to the

3  plaintiffs for punitive (exemplary) damages for their conduct, in amounts to be determined by the

4  trier of fact.

5  **VII.    JURY TRIAL DEMAND**

6  **27.**    Plaintiffs demand a trial by jury as to each and every count against each and every

7  defendant.

8  **VIII.    PRAYER FOR RELIEF**

9  **28.**    **WHEREFORE,** plaintiffs pray for relief as follows:

10     a.  for general and special compensatory damages, in amounts to be determined  by

11         the trier of fact;

12     b.  for punitive (exemplary) damages against the individual defendants, in amounts to

13         be determined by the trier of fact;

14     c.  for three times the actual damages awarded, for each violation which occurred,

15         pursuant to Cal. Civil Code §§51.7, 52.1 and 52(a) and (b);

16     d.  for a $25,000 civil penalty, for each violation pursuant to Cal. Civil Code § 52;

17     e.  for reasonable attorney's fees and costs and expenses of litigation, pursuant to 42

18         U.S.C. § 1988, Cal. Code of Civil Procedure § 1021.5, and Cal. Civil Code §

19         52(a) and (b); and,

20     f.  for such other relief as the Court deems just and proper.

21

22                                        Respectfully Submitted,

23  DATED:  November 19, 2007            DENNIS CUNNINGHAM
                                         W. GORDON KAUPP
24

25                                 By:    _/s/ Gordon Kaupp_____
                                         W. GORDON KAUPP
26                                       Attorney for Plaintiffs

27

28

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca

9

SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS
AND OTHER WRONGS